# BERANBAUM MENKEN LLP

80 PINE STREET, 33RD FLOOR

NEW YORK, NEW YORK 10005

TELEPHONE: (212) 509-1616

FACSIMILE: (212) 509-8088

WWW.NYEMPLOYEELAW.COM

JOHN A. BERANBAUM△
BRUCE E. MENKEN
JASON J. ROZGER△
SCOTT SIMPSON
BRENNA RABINOWITZ
RAYA SAKSOUK

△ALSO ADMITTED NJ

*Plaintiff's motion to take expert discovery is granted and the parties' proposed schedule as reflected in ECF 51 is approved. The issues defendant raises with respect to expert discovery go more to summary judgment than to any issues under Rule 26. The parties shall appear for a post-discovery status conference on May 24, 2021 at 11:00AM and summary judgment motions shall be filed by June 23, 2021. The parties shall be prepared to discuss at the conference the contents of any summary judgment motions as well as a date for trial.   2/18/2021   SO ORDERED.*

February 12, 2021

LEWIS J. LIMAN
United States District Judge

**VIA ECF**

The Hon. Lewis J. Liman
U.S. District Court Judge
Southern District of New York
500 Pearl St., Rm. 701
New York, NY 10007

Re: <u>Malzberg v. New York University</u>, No. 1:19-cv-10048 (LJL)

Dear Judge Liman:

This firm represents the Plaintiff in the above-captioned matter. I write pursuant to the Court's most recent case management plan permitting either party to make a motion to engage in expert discovery. ECF no. 38. By this letter motion, Plaintiff now moves for expert discovery. The parties conferred by email and phone on February 11, 2021, and today, February 12, 2021, as to Defendant's position on this application. Defense counsel indicated she will oppose this application.

In order to meet his burden of proof, Plaintiff must show that he suffers from a qualified disability under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), and the New York City Human Rights Law, N.Y.C. Admin Code §§ 8-101 et seq. (the "New York City Human Rights Law" or "NYCHRL"). For the reasons set forth below, Plaintiff requires expert testimony to interpret certain medical records, including scans, which corroborate his testimony that he suffers from a back-related disability, and, if the expert deems necessary, to conduct a physical examination of Plaintiff.

In this case, Plaintiff alleges that he cannot stand for more than 15 or 20 minutes without experiencing substantial back pain. ECF no. 1 at ¶ 3. In his deposition, he described his back pain as "severe." Pl. Ex. 1, Malzberg Dep. at 110:15. On February 14, 2019, Defendant New York University ("NYU") informed Plaintiff that his job responsibilities would be changing and he would be assigned to work full time in the Vascular Interventional Radiology Department ("VIR"). He previously worked as a physician's assistant ("PA") in that department from 2005 to 2012 and was well-aware of the physical demands that the job required, including standing for

extended periods of time wearing heavy equipment.  ECF no. 1 at ¶ 14.  He was informed of this change in job duties in an in-person meeting on February 14, 2019, with the following individuals from NYU's Department of Radiology: Dr. Leon Rybak, Vice Chair of Operations; Dr. Akhilesh Sista, Section Chief, Vascular Interventional Radiology; and Daniel Alexa, Administrator.  ECF no. 1 at ¶ 46.

This case is rife with factual disputes on a host of issues.  NYU and its witnesses have taken the position that Plaintiff never asked for a reasonable accommodation or let anyone know about his back pain, which Plaintiff disputes.  What transpired in the critical February 14, 2019 meeting is hotly contested, and even NYU's own witnesses at the meeting do not agree on the facts.  Plaintiff testified that once told of his new job responsibilities at the meeting, he informed everyone in the room of his back problems and how he could not do the job without experiencing back pain. Pl. Ex. 2, Malzberg Dep. at 134:15-20, 136:13-20 ("At the end of the meeting, I said my peace [sic] at the meeting and explained everything about my eyes, about my back.  I explained that standing for long periods causes me severe back pain," and later, "When I did tell them of my issues and my problems, I explained to them the issues of why I couldn't do the job without pain and they kind of looked at each other.  It was quiet and they looked at each other and my thought internally was, uh-oh, I felt ganged up on.").

In their depositions, Dr. Rybak and Alexa testified that Plaintiff made absolutely no mention of any physical problems whatsoever in the February 14 meeting.  Dr. Rybak testified that he *never* heard Larry communicate anything to him about his back or say that he suffers from back pain.  Pl. Ex. 3, Rybak Dep. at 7:16-24.  This is not only contradicted by Plaintiff's testimony, but also by a text message Plaintiff sent to Dr. Rybak on March 15, 2019, which is in discovery, where Plaintiff states that he "cannot physically stand with my lower back wearing lead for all those hours" while pleading to keep his job.  Pl. Ex. 4, P26-27.  Moreover, Dr. Sista testified, directly contradicting Dr. Rybak and Alexa, that Plaintiff mentioned "something" about a physical impediment, adding "he did describe some concern about his physical abilities."  Pl. Ex. 5, Sista Dep. 124:5-21.  Dr. Sista also stated that he expected NYU to explore an accommodation to Plaintiff's physical impediment and that he "left that meeting waiting for the next steps for accommodation from [Alexa], Larry, and [Rybak] to come up with. . ."  Pl. Ex. 6, Sista Dep. 126:24 -127:10.

Dr. Rybak's testimony left no doubt that Defendant will question, if not challenge, the veracity of Plaintiff's claim of back pain.  During his deposition, Dr. Rybak, who suffers from back problems himself and, as "many members of the department know[]," "love[s] to talk to people who are having back pains, 'cause I start sharing my own experience," (Pl. Ex. 7, Rybak at 132:5-12) directly called into question whether Plaintiff actually suffered from back pain.  *Id.* generally at 130-133, 131:10-15 ("What I do recall…is the sense of surprise when I subsequently found out that Larry was now maintaining that he had a back condition that was gonna keep him from these job responsibilities.").

Plaintiff has produced scans of his back as well as medical records containing various diagnoses of his back that corroborate his testimony that he suffers from back pain and cannot stand for long periods of time, which was a requirement of Defendant's proposed change in job duties.  Plaintiff requires expert testimony to explain the meaning of the scans and diagnoses,

and, if necessary, supplement these diagnoses based on his review of the scan.  The expert may also need to conduct a physical examination of the Plaintiff.

Although Defendant will oppose this application, should the Court permit this expert discovery, the parties have agreed to a proposed schedule. Since Defendant may need to retain an expert to rebut Plaintiff's expert, the parties propose the following expert discovery schedule: Plaintiff's expert disclosures to be served within 30 days of the Court's order, Defendant to retain an expert and serve disclosures within 30 days thereafter. Defendant's deposition of the expert to be completed within 15 days thereafter and Plaintiff's deposition of the Defendant's expert within an additional 15 days thereafter.

I thank the Court for its consideration of this request.

Respectfully yours,

/s/ Scott Simpson
Scott Simpson
Beranbaum Menken LLP
80 Pine St., 33rd Fl.
New York, NY 10005
Tel.: 212-509-1616
Fax: 212-509-8088

cc: Joan Gilbride, Esq. (by ECF)